Rec # 066848

ORIGINAL

FILED
JUL 1 3 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ALBERT BOVA and DAVID TONER, CO-EXECUTORS OF THE ESTATE OF MARGARET WALSONAVICH**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA**

**Defendant**

**CIVIL ACTION**

**No. 07-526 T**

# COMPLAINT
# FOR THE REFUND OF FEDERAL INCOME TAX

Albert Bova and David Toner, the co-executors of the estate of Margaret Walsonavich, bring this action for the refund of federal income tax and aver as follows:

1. This is an action arising under the internal revenue laws of the United States for the refund of federal income tax.

2. Jurisdiction is conferred on this Court by Title 28, United States Code, Section 1491 and Title 26, United States Code, Section 7422.

3. Plaintiffs, Albert Bova and David Toner, the co-executors of the estate of Margaret Walsonavich (the "Executors" or the "Plaintiffs") are both citizens of the Commonwealth of Pennsylvania with mailing address of c/o Duane Morris LLP, Attention Thomas W. Ostrander, Esq., 30 South 17th Street, Philadelphia, PA 19103.

4. The Defendant is the United States of America.

## Introduction

5. The Internal Revenue Service has denied a refund claim on the ground that the claim was not timely filed. The denial of the claim was erroneous. The refund claim was filed in May 2005, three years, one month and ten days after the filing of the federal income tax return that created the refund. However, the running of the statute of limitations for filing the refund claim was suspended for at least one year before the filing date. In as early as April 2004, the taxpayer was suffering from mental impairments and was "financially disabled" as that term is defined in Internal Revenue Code section 6511(h). Although the taxpayer filing the refund claim had executed a power of attorney in 1998, the taxpayer and her attorney agreed that the power of attorney would only be activated in the event the taxpayer could not handle her affairs due to some disability. The taxpayer's disability was not apparent until early April 2005, at which time the power of attorney was activated. Accordingly, the exception too the suspension of the running of the statute of limitations for filing refund claims for persons who have authorized someone to act in their behalf is not applicable and the refund claim was timely filed.

## Factual Background

6. Recovery is sought of federal income tax for the taxable year ended December 31, 1996.

7. On or about February 3, 1998, Margaret Walsonavich (the "Decedent") executed a general power of attorney (Exhibit A) naming her accountant Albert Bova as her attorney.

8. At the time the Decedent executed the power of attorney she was not suffering from any disability. The Decedent executed the power of attorney in order to ensure that some trusted person was available to handle her affairs should she become disabled. The Decedent and Mr. Bova agreed that the power of attorney was to be activated only in the event that the Decedent could not handle her affairs due to some disability.

9. At the time the Decedent executed the power of attorney she was 77 years old and in good health.

10. On or about April 15, 2002 the Decedent timely filed her federal income tax return, Form 1040, for the year 2001 (the "2001 Return"). Exhibit B.

11. The 2001 Return reported adjusted gross income of ($224,957).

12. In or about February 2003, the Decedent's accounting firm prepared Form 1040X (the "Refund Claim") to carry back the 2001 net operating loss to the year 1996.

13. A copy of the Refund Claim is attached as Exhibit C. The Refund Claim seeks a refund of federal income tax of $99,583.

14. Absent a suspension of the running of the statute of limitations for filing refund claims, the statute of limitations for filing the Refund Claim expired on April 15, 2005, three years from the date of filing the 2001 Return.

15. Unknown to Mr. Bova, commencing as early as April 2004, the Decedent was suffering from Asperger's Syndrome, obsessional, perseverative, tangential and circumstantial thinking, severe character pathology and a form of dementia and frontal lobe deficits (brain impairments) associated with difficulty planning or foreseeing the consequences of her actions. See Exhibit D (letter from Robert Toborowsky M.D.)

16. On March 3, 2005, the Decedent was admitted to the hospital complaining of "weakness, confusion and shortness of breath". During her hospitalization she was diagnosed as suffering from among other things, cognitive disorder, and Asperger's Syndrome. Hospital records report that she "has some sort of anxiety think disorder". She was discharged to home on March 15, 2005. Several hours after discharge, she was found on the floor of her home in a confused state. She was taken to the hospital emergency room and admitted to a nursing home. On admission to the nursing home she was reported to be "...disoriented and confused at times, forgetful, dizzy and short of breath at rest". During the days following her admission, she was reported as unable to care for herself and "yelling out". Her cognitive skills and decision making ability were described as moderately impaired. Id.

17. In early April 2005, Mr. Bova and the Decedent's attorney visited the Decedent at the nursing home and based upon their observations of the Decedent, conclude that it was the appropriate time for the power of attorney to be activated.

18. Mr. Bova, now acting under the power of attorney, had the Decedent's financial records secured from her apartment. The records of her financial affairs were in a state of disarray. Among the documents Mr. Bova discovered was the Refund Claim that had been provided to her for filing some three years past. Mr. Bova filed the Refund Claim on May 25, 2005.

19. The Refund Claim was timely filed inasmuch as the statute of limitations for filing the Refund Claim was suspended commencing as early as April, 2004 through early April 2005, since during that period the Decedent was "financially disabled" as that term is used in Internal Revenue Code Section 6511(h).

20. The exception to the suspension of the running of the statute of limitations for filing the Refund Claim as stated in Internal Revenue Code Section 6511(h)(2)(B) is not applicable here. The Decedent was never married and no one was authorized to act on her behalf in financial matters until early April 2005, when the power of attorney was activated.

21. By letter dated July 15, 2005, the Internal Revenue Service denied the Refund Claim. Exhibit E.

22. The Decedent died on February 4, 2006.

23. After the Decedent's death the Plaintiffs were appointed the executors of the Decedent's estate.

24. On June 28, 2006, the Plaintiffs' filed a protest of the denial of the Refund Claim. As of the date of the filing of this complaint, no formal action has been taken by the Internal Revenue Service in response to the protest.

25. At the time the Refund Claim was filed (May 25,2005) the running of the statute of limitations for filing refund claims had been suspended for at least one year (April 2004 ( the onset of the Decedent's disability) through April 2005 ( when the power of attorney was activated)).

26. The name appearing on the Refund Claim is Margaret Walsonavich , with taxpayer identification number of 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 and address of 60 Patriotic Hill, Mahanoy City, PA. 17948.

27. As of the date of the filing of this complaint, no action on the Refund Claim has been taken by the Congress of the United States or by any of the departments of the government, other than the action of the Treasury Department described in this complaint.

28. No other suit or process by the Plaintiffs is pending on the Refund Claim in any other court.

29. The Plaintiffs are the sole and absolute owners of the claim set forth in the Refund Claim which has not been transferred or assigned in whole or in part.

30. The federal income tax that is the subject of the Refund Claim was erroneously and illegally assessed and collected from the Decedent under the Internal Revenue laws.

31. The Decedent has overpaid her federal income tax in the amount of $99,583 for the year 1996 and is entitled to a refund of such overpayment plus interest as provided by law.

**COUNT I**

**(Claim for Refund of Federal Income Tax for the Year 1996)**

32. Plaintiffs incorporate here by reference the averments of paragraphs 1 through 31 above.

33. The Decedent timely filed the 2001 Return.

34. The 2001 Return properly reported adjusted gross income of ($224,957).

35. The loss reported on the 2001 Return is properly carried back to the tax year ended December 31, 1996.

36. Commencing as early as April 2004, the Decedent was "financially disabled" as that term is defined by Internal Revenue Code Section 6511(h)(2).

37. The Decedent was never married and no one was authorized to act on the Decedent's behalf in financial matters before early April 2005, when Albert Bova activated the power of attorney.

38. On May 25, 2005, Mr. Bova timely filed the Refund Claim.

39. The Internal Revenue Service erroneously denied the Refund Claim.

40. The Plaintiffs' are entitled to the claimed refund of $99,583 plus applicable interest as provided by law.

41. WHEREFORE, for the reasons set forth above the Plaintiffs requests that this Court find:

(a) that the Plaintiffs are entitled to a refund of Federal income tax in the amount of $99,583 for the year 1996, plus applicable interest as provided by law;

(b) that the Plaintiffs are entitled to a judgment in their favor against the Defendant in the amount of $99,583, plus applicable interest as provided by law; and

(c) that the Court award the Plaintiff their costs and attorney's fees and such other relief as the Court may deem appropriate.

Respectfully submitted,

Date: 12 July 2007

Thomas W. Ostrander
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103
215 979 1802
215 979 1020 (Fax)

Attorneys for Plaintiffs