# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ALBERT BOVA and DAVID TONER, CO-EXECUTORS OF THE ESTATE OF MARGARET WALSONAVICH** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 07-526T** |
| **v.** | : | **(Judge Nancy B. Firestone)** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant** | : | |

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S ORDER DATED DECEMBER 4, 2007

### I. PROCEDURAL POSTURE

The Estate has filed a complaint seeking the refund of Federal income taxes to which the government filed a motion to dismiss under F. R. Civ. P. 12(b)(6). The Estate filed a reply to the government's motion to which the government filed a response. By order dated December 4, 2007 the Court has directed the parties to file supplemental briefs addressing the question of whether, under Pennsylvania law or any other relevant authority, the court may look beyond the four corners of the written durable power of attorney to determine whether the power was limited by an oral contingency.

The answer to the court's question is yes and is found in consideration of the parol evidence rule.

## II. THE COURT MAY GIVE CONSIDERATION TO MATTERS BEYOND THE FOUR CORNERS OF THE POWER OF ATTORNEY SUCH AS THE ORAL AGREEMENT BETWEEN THE DECEDENT AND MR. BOVA REGARDING THE CIRCUMSTANCES UNDER WHICH THE POWER OF ATTORNEY WOULD BE EFFECTIVE

### A. The Parol Evidence Rule

Whether the agreement between Albert Bova and the Decedent may be considered by the court in determining whether Mr. Bova's authority under the Power of Attorney was effective only upon the Decedent's disability, consideration must be given to the parol evidence rule.

The parol evidence rule provides that where parties to an agreement commit their undertakings to a writing with the intention that it shall formally and comprehensively evidence the terms of their agreement, the writing, when executed by the parties, cannot thereafter be made subject to parol alteration, contradiction or variance by way of agreements or understandings had prior to or contemporaneously with the execution of the writing. International Milling Company v. Hachmeister, Inc., 380 Pa. 407, 414, 110 A. 2d 186, 189-190 (1955). The parol evidence rule is not simply one of evidence but of substantive law. Lefkowitz v. Hummel Furniture Company, 385 Pa. 244, 122 A. 2d 802 (1956). The question as to whether the parol evidence rule is applicable, is to be determined by the court and depends on whether the writing "formally and comprehensively evidence the terms of their agreement." Levy v. Leaseway System, Inc., 190 Pa. Superior Ct. 482, 487, 154 A. 2d 314, 316 (1959).

"In order to exclude parol evidence the writing must be a complete contract, importing a full legal obligation with no uncertainty as to the terms of the agreement. If the writing does not fully state the entire agreement among the parties, the parol evidence rule has no application." Rosenfeld v. Rosenfeld, 390 Pa. 39, 49, 133 A. 2d 829, 834 (1957). " When a contract is silent on its duration, parol evidence is always admissible to show the circumstances surrounding the execution of the contract, the situation of the parties, the objects they apparently had in view, and the nature of the

subject matter of the agreement, to show whether the agreement was to endure for a reasonable time or for some particular period". Id. 390 Pa. at 49, 133 A.2d at 834.

Similarly, "Where a written contract is ambiguous or conflicting, or its meaning is doubtful or obscure, parol evidence is admissible to clarify the ambiguity and to resolve the doubts, in order to ascertain and determine the intention of the parties. . . ." Foulke v. Miller, 381 Pa.587, 593, 112 A. 2d 124, 127 (1955). Moreover, where an ambiguity exists, "parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is created by the language of the instrument or by extrinsic or collateral circumstances." Estate of Herr, 161 A.2d 32, 34 (Pa. 1960) (Emphasis added); Gerety Estate, 46 A.2d 250 (Pa. 1946)

Parol evidence of oral agreements effecting written agreements may also be considered by the court. "Where the parties to a written agreement agree orally that performance of the agreement is subject to the occurrence of a stated condition, the agreement is not integrated with respect to the oral condition." Restatement of the Law, Second, Contracts, § 217. As further explained in comment b to Section 217 " "The rule of this Section may be regarded as a particular application of the rule of § 216(2)(b), giving effect to consistent additional terms omitted naturally from a writing. So regarded, it has sometimes been limited to requirements of conditions consistent with the written terms. ... If the parties orally agreed that performance of the written agreement was subject to a condition, either the writing is not an integrated agreement or the agreement is only partially integrated until the condition occurs.

The illustration to comment b, above, is particularly relevant here: " A and B sign a written agreement for the sale of goods, and orally agree that the writing shall not take effect unless railroad cars are available within ten days. The oral agreement is effective." Restatement of the Law, Second, Contracts, Sec. 217, Illustration 3.

Consistent with these principles, the court my consider matters outside the four corners of the Power of Attorney to determine whether it was affected by the oral agreement between Mr. Bova and the Decedent.



DM3\629247.1

## B. Is the Power of Attorney an Integrated Writing?

The first question is whether the Power of Attorney is an integrated writing; i.e. does it contain the full agreement between the parties? In determining whether the Decedent and Mr. Bova intended that the Power of Attorney to constitute a complete and final expression of their agreement, the court must look to the form and content of the writing, in light of the circumstances surrounding its creation. Phillips v. Andrews, 128 Fed Appx 935 (3d Cir. 2005); Restatement of Agency 2d Sec. 48; Restatement of Agency 2d Sec. 34 Circumstances Considered in Interpreting Authority, (a)- (e) ( noting the circumstances which may be considered, such as the situation of the parties, their relations to one another, the objects the principal desires to accomplish, and the nature of the subject matter ); Restatement of Contracts 2d, Sec. 209, Integrated Agreements, comment c. Proof of integration. (whether a writing has been adopted as an integrated agreement is a question of fact to be determined in accordance with all relevant evidence.); Restatement of Contracts 2d, Sec 214, Evidence of Prior or Contemporaneous Agreements and Negotiations (agreements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish (a) that the writing is or is not an integrated agreement;(b) that the integrated agreement, if any, is completely or partially integrated).

The forgoing is significant since if it is determined that the writing is intended to be the entire understanding of the parties then the writing is subject to the parol evidence rule which precludes the consideration of extrinsic evidence of prior or contemporaneous agreements extending or altering the authority granted in the writing. Restatement of Agency 2d, Sec. 48; See also Restatement of Contracts 2d, Sec. 237.

There is no need for a formal integration clause since the parties' intent controls. Equity and Mortg Investment, 951 F.2d 1399, 1406 n.6 (3d Cir. 1991). However, the absence of an integration clause serves as persuasive evidence that the parties to a contract did not intend their written agreement to serve as a complete and exclusive statement of the terms of their transaction.

### 1. The Power of Attorney is Not an Integrated Writing and Parol Evidence Regarding When Mr. Bova Was Authorized to Act May Be Considered

Based on the facts alleged in the complaint and the reasonable inferences to be drawn there from, the Power of Attorney is not an integrated writing.

For purposes of this motion to dismiss, this court must accept as true the facts alleged in the complaint at paragraph 8 and the reasonable inferences drawn therefrom. The facts and circumstances surrounding the execution of the Power of Attorney lead to the conclusion that the Decedent and Mr. Bova did not intent the Power of Attorney to comprise the entire agreement between them.

For purpose of this motion, it is beyond dispute that the Decedent and Mr. Bova agreed that Mr. Bova's authority to act was deferred until the Decedent as not able to handle her affairs due to a disability. That condition to the exercise of his power is not mentioned in the Power of Attorney. Accordingly, the entire agreement between Mr. Bova and the Decedent is comprised of two components, the written Power of Attorney outlining Mr. Bova's authority and the oral agreement stating when his authority would be effective. This fact, of two elements making up the parties agreement, must be accepted as true. This fact must lead this court to the conclusion that the Power of Attorney was not intended by the parties to be an integrated writing. Accordingly, the court may look beyond the four corners of the Power of Attorney to determine whether it was limited by an oral contingency.

### 2. Even If the Power of Attorney Is an Integrated Writing, Parol Evidence May Be Considered

The government may argue that the Power of Attorney is an integrated document and that no extrinsic evidence regarding the parties' intent regarding its effectiveness may be admitted. The government is incorrect.

The Power of Attorney at issue is captioned "GENERAL POWER OF ATTORNEY". It appoints Albert Bova as "attorney- in-fact" and is not affected by the Decedent's subsequent disability or incapacity. Mr. Bova is given broad powers at the

outset of the document. He is authorized to "exercise any power ...as fully and completely as I could myself, which my attorney in my attorney's sole discretion believes to be in my best interest..." Complaint at Exhibit A. There is no reference anywhere in the Power of Attorney as to when it to becomes effective.

### a. Parol Evidence Of Omitted but Consistent Terms May Be Considered

Where a document is silent on a particular subject, parol evidence may prove what took place at the time of execution, and my further prove that a prior separate oral agreement not inconsistent with the terms of the document or any implied agreement growing out of it, was not intended to be abrogated. Appeal of Real-Estate Title Ins. & Trust Co., 125 Pa. 549, 17 A. 450 (1889) (where a written contract does not specify the time it is to continue in force, parol evidence is admissible to show that the parties did not intend to bind themselves for any definite time, but left the question of time to be settled by further agreement); Moyer v. Heilveil, 159 Pa. Super. 610, 49 A.2d 514 (1946) (where a written contract of hiring was silent as to the term of employment, an employee was properly permitted to prove a prior separate oral agreement, not inconsistent with, and unaffected by a writing to establish the parties' actual intention).

Here the Power of Attorney is silent on its effective date. Parol evidence demonstrates that the Decedent was capable of handling her financial affairs but wanted a trusted person to handle her affairs should she become disabled. A power of attorney authorizing her trusted accountant to serve in this role met her needs. Obviously she did not know when she would become disabled. She left that circumstance to fate and the recognition of her disabled condition to her trusted accountant. The oral agreement regarding the activation of Mr. Bova's powers under the Power of Attorney is not inconsistent with any terms in the Power of Attorney and fills in a missing and important component i.e. when the Power of Attorney became effective.

The government will argue that the disability contingency should have been set forth in the Power of Attorney. That argument goes to the existence of the oral agreement which for purposes of this motion must be accepted as a fact. The reasons why the Decedent chose or was advised not to include the contingency in the Power of

Attorney is not before the court. The question is whether the Court may go outside the Power of Attorney to determine if it was governed by an oral agreement. Since the Power of Attorney does not include an effective date, that term is properly provided through parol evidence.

### b. Parol Evidence May Be Considered to Give Clarity to Ambiguous Terms

The government may argue that the Power of Attorney contains an effective date i.e. the date the Decedent signed the document and that an effective date or activating event is not missing. Parol evidence may be considered where an apparently integrated unambiguous writing is made unclear due to collateral or extrinsic circumstances. Estate of Herr, supra; Gerety Estate, supra.; Estate of Pruitt, T.C.Memo.2000-287 (Testimony regarding a decedent's state of mid at the time power of attorney was executed, was admitted where it was credible and relevant to the interpretation of the power of attorney.)

Why would a person fully capable of handling their financial affairs execute a general power of attorney which had immediate effect? Why would the Decedent give immediate effect to the Power of Attorney when she was not suffering from any disability and had expressed an interest in having some one available in the future to handle her affairs should she become disabled? The extrinsic evidence makes what the government would argue is clear, in fact ambiguous. Under these circumstances, parol evidence of the oral agreement making the Power of Attorney effective upon the Decedent's disability, may be considered to give clarity to the Power of Attorney.

### c. Parol Evidence of a Condition Precedent

As recommended by the Restatement Second of Contracts, parol evidence is admissible to show conditions precedent which relate to the existence of a valid agreement. Sec. 217; Friedmann v. Hamilton, 86 Pa. Super. 473 (1925) (evidence was admitted that application for loan was delivered under an oral stipulation that it depended on possible purchase of real estate); Fryer v. Rishel, 1 Walk. 470 (Pa. 1878) (parol evidence is admissible to show that an assignment of a contract, absolute in terms, was only conditional).

As stated in the complaint "The Decedent and Mr. Bova agreed that the power of attorney was to be activated only in the event that the Decedent could not handle her affairs due to some disability." Complaint at para. 8. The understanding between the parties could not be clearer. Mr. Bova was to act under the Power of Attorney if a future contingency occurred--the Decedent's inability to handle her affairs due to some disability. As long as that contingency did not arise and until Mr. Bova was aware of its existence, he was not authorized to act under the Power of Attorney.

## III. On This Record the Government's Motion Must Be Dismissed

Whether the Power of Attorney is or is not an integrated agreement, evidence regarding the circumstances surrounding its making may be considered by this court. The evidence may be considered to determine if the parties to the Power of Attorney intended it to contain their entire agreement. Consideration of the facts alleged in the complaint and the reasonable inferences drawn therefrom regarding the circumstances surrounding the execution of the Power of Attorney, demonstrate that the parties did not intend that the Power of Attorney contain their entire agreement. Alternatively, the same evidence may be considered to: (1) add to an integrated agreement terms which were omitted which are not inconsistent with the terms of the writing or (2) to make clear terms that appear unambiguous but are made unclear by extrinsic circumstances.. Finally, that same evidence may be considered to determine if there is a condition precedent to the very existence of the agreement. Under any scenario, the evidence regarding the effective date of the Power of Attorney may be considered by this court to determine the complete agreement between Mr. Bova and the Decedent.

Respectfully submitted,

Date: 18 December 2007

/s/

Thomas W. Ostrander
30 South 17th Street
Philadelphia, Pennsylvania 19103
215 979 1802//215 979 1020 (Fax)

Attorneys for Plaintiffs